IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR HERNANDEZ, #1026078, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1294-D |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner filed a letter motion seeking an extension of time to file a federal habeas petition on June 22, 2005. Liberally construed the letter motion requests an extension of the one-year statute of limitations, which according to Petitioner will expire on July 7, 2005.[1] See 28 U.S.C. §2244(d). He explains that the problems related to the one-year limitation period began shortly after his petition for discretionary review (P.D.R.) was refused on April 7, 2004. He then lists

---

[1] The magistrate judge does not express any opinion as to whether Petitioner has correctly calculated the expiration of the one-year period.

the following events:

> (1) On September 21, 2004, the Texas Court of Criminal Appeals returned as non complying his state habeas application, filed pursuant to Tex. Code of Crim. P. art. 11.07 on June 4, 2004, because "the grounds were not set out on the prescribed form and pages or questions from the form were omitted or deleted." (Letter Mot. at 1).
>
> (2) In October 2004, Petitioner forwarded all trial transcripts and related documents to the office of the State Counsel for Offenders, who in turn declined all assistance on May 5, 2005. (Letter Mot. at 1-2).
>
> (3) Petitioner's inmate Identification Card (ID Card) was stolen in March 2005, thus preventing him from purchasing much needed writing supplies and stamps. It appears that Petitioner's ID Card had not been replaced as of June 14, 2005, the date of writing of the letter motion, although it had been reported stolen in March 2005. (Letter Mot. at 2-3).
>
> (4) Petitioner's request for assistance of an inmate law clerk – namely a "legal visit" – has been denied since May 2005. As a result, Petitioner claims denial of access to the courts due to his status as a "lock down inmate with no physical access to law library to converse with others who could help me better understand what is required." (Letter Mot. at 3).[2]

Petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. See Juidice v. Vail, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); see also U.S. v. One 18th Century Colombian Monstrance, 797 F.2d 1370, 1374 (5th Cir. 1986); United States v. Cook, 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" Cook, 795 F.2d

---

[2] Petitioner may not have resubmitted his art. 11.07 application to the convicting court. The Texas Court of Criminal Appeals' website only lists writ #59,268-01, which was dismissed as not complying, as of the filing of this recommendation.

at 994 (quoting Princeton University v. Schmid, 455 U.S. 100, 102 (1982)); see also North Carolina v. Rice, 404 U.S. 244, 246 (1971) (a federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

      Petitioner is requesting an advisory opinion. There is no adverse party before this court. Nor is there a concrete dispute for this court to decide. The motion for extension of time in essence asks the court to determine in advance how much time, if any, remains on the one-year period and whether a habeas petition will be timely or time-barred, if it is filed at some unspecified date in the future. This court cannot grant the relief requested without offending the Constitution's case or controversy requirement.[3]

---

[3]     The court cannot interpret Petitioner's letter motion as commencing a habeas corpus action. Rule 2(c) and (d) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a federal habeas petition and, thus, cannot be construed as the habeas corpus petition itself.

    To the extent Petitioner challenges the Texas Court of Criminal Appeals' (TCCA) return of his 2004 art. 11.07 application (No. 59,268-01), such a claim cannot be resolved in this federal habeas corpus action. Rather Petitioner should comply as best as he can with TCCA's directions in its August 31, 2004 dismissal, and resubmit his art. 11.07 application to the convicting court.

    Insofar as Petitioner seeks to raise a claim of denial of access to the courts (independent of his habeas corpus action), such a claim is cognizable only in the context of a civil rights action pursuant to 42 U.S.C. § 1983.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Petitioner's motion for an extension of time to file a federal habeas corpus petition be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Hector Hernandez, #1026078, TDCJ, Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705.

Signed this 27th day of June, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.